# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

CODY SCHMICK,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff　　　　　　　 )
　　　　　　　　　　　　　　　　) **Case No.:**
　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　) **COMPLAINT AND DEMAND FOR**
VERDE ENERGY USA, INC.,　　　　) **JURY TRIAL**
　　　　　　　　　　　　　　　　)
　　　　Defendant　　　　　　　 )

## COMPLAINT

CODY SCHMICK ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VERDE ENERGY USA, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing Harrisburg, Pennsylvania 17112.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its office located in Norwalk, Connecticut 06851.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Plaintiff never provided permission to Defendant to call his cellular telephone number or to contact her regarding any goods or services offered by Defendant.

14. Beginning in or around October 2014, and continuing through April 2015, Defendant called Plaintiff on his cellular telephone.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's messages would state its name and that its call was "for marketing purposes."

17. Defendant's telephone calls were not made for "emergency purposes."

18. Desiring to stop the calls, in December 2014 or January 2015, Plaintiff spoke with Defendant and told them to stop calling his cellular telephone.

19. Defendant heard and acknowledged Plaintiff's revocation of consent.

20. Nevertheless, Defendant continued to call Plaintiff's cellular telephone.

21. Most recently, Defendant called Plaintiff on April 29, 2015.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, in and after October 2014, were not made with Plaintiff's prior express consent.

27. Furthermore, Defendant's continued calls in and after January 2015, were not made with Plaintiff's prior express consent as Plaintiff revoked any consent to call his cellular telephone in December 2014 or January 2015.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CODY SCHMICK, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CODY SCHMICK, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06-08-15               KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*_____
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com